UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                     Case No. 802-87843-511

ALAN H. GOLD,

                                                     Chapter 7

                     Debtor.
-----------------------------------------------------------------x
SUSAN GOLD,

                        Plaintiff,            Adv. Pro. No. 804-8068-511
             - against -

ALAN H. GOLD,
                       Defendant.
-----------------------------------------------------------------x

## MEMORANDUM DECISION
### (Re: Motion for stay pending appeal)

        Before the Court is a motion by the debtor-defendant, Alan H. Gold (the "Defendant"), dated November 17, 2006, seeking a stay pending appeal. The Defendant appealed this Court's Order, dated April 26, 2006, which granted the motion for summary judgment by the Plaintiff, Susan Gold ("Plaintiff"), and denied the cross-motion for summary judgment by the Defendant (the "Stay Motion"). The Plaintiff opposes the Stay Motion. For the reasons that follow, the Stay Motion is denied in its entirety. Pursuant to Federal Rule of Bankruptcy Procedure 8005, the Defendant is free to seek a stay pending appeal from the District Court.

### *BACKGROUND*

        The history of this adversary proceeding and related matrimonial proceeding is long and tortured and will not be repeated in full here. For a more complete history, this Court refers the reader to the transcript of the April 23, 2006 hearing at which hearing this Court gave an oral

decision determining that (i) a distributive award of $1,127,550, plus interest, in favor of the Plaintiff as provided in an amended Judgment of Divorce, and (ii) a pre-petition judgment against the Debtor in favor of the Plaintiff in the amount of $27,279.21, are non-dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code.  (A copy of the April 23, 2006 transcript is attached to this Memorandum Decision.)  An Order was entered on April 26, 2006 memorializing this Court's oral decision.

On May 2, 2006, the Defendant appealed this Court's Order and the record on appeal was subsequently transferred to the District Court on June 13, 2006.

### The Stay Motion

On November 17, 2006, the Defendant filed the instant motion for stay pending appeal asking that the Plaintiff be stayed from enforcing any part of this Court's determination. According to the Stay Motion, the Plaintiff filed an Order to Show Cause in state court seeking (a) to restore the matrimonial matter to the state court calendar, (b) an award of counsel fees in the amount of $189,895.50, (c) to appoint a receiver to administer, collect and disburse the Defendant's income and the income of his medical practice in satisfaction of the Plaintiff's judgment against him, and (d) $10,000 in legal fees for bringing the Order to Show Cause.  (Stay Motion ¶ 23).[1]

The Defendant argues that if the Plaintiff is permitted to collect on the judgment while the matter is on appeal, he will suffer irreparable injury because his medical practice will be

--------

[1] A hearing on the Order to Show Cause was scheduled for January 12, 2007.

disrupted and he would be forced to pay a judgment that may ultimately be discharged if he is successful on appeal. He argues that there is no harm to the Plaintiff were a stay to be issued because the Plaintiff has not received any payments during the pendency of the bankruptcy case and has never made any claim of hardship (Stay Motion ¶ 27), and because she "has received substantial sums of money that provide her with financial protection." (Stay Motion ¶ 27).

The Defendant also argues that he has a "substantial possibility" of succeeding on his appeal because this Court erred when it made its ruling in the context of summary judgment under Rule 56 without the benefit of an evidentiary hearing. He argues, in sum, that the intent of the state court's ruling in the matrimonial matter was crucial to this Court's Section 523 determination and it was inappropriate to rule on issues of intent in the summary judgment context. *See Kerzner v. Kerzner (In re Kerzner)*, 250 B.R. 487, 493 (Bankr. S.D.N.Y. 2000); *Sculler v. Rosen (In re Rosen)*, 169 B.R. 512, 520 (Bankr. E.D.N.Y. 1994) (Duberstein,C. J.); *Bonheur v. Bonheur (In re Bonheur)*, 148 B.R 379, 382 (Bankr. E.D.N.Y. 1992); *Mackey v. Kaufman (In re Kaufman)*, 115 B.R. 435, 441 (Bankr. E.D.N.Y. 1990). Alternatively, the Defendant argues this Court erred in its decision because the "clear, plain, express and unambiguous language of the [state court decisions] amply demonstrates that the state courts (sic) collective intent was for the Amended Distributive Award to be a property settlement." (Stay Motion ¶ 35). Finally, the Defendant argues that public policy supports the stay because "[n]o adverse public interest will be affected, by the granting of the stay." (Stay Motion ¶ 41).

For her part, the Plaintiff responds that the Defendant has failed to show what irreparable harm he will suffer if the state court is permitted to determine how much he owes her, and that he has also failed to show how his medical practice will be disrupted if he is forced to pay on the judgment. She further argues that the Defendant is not likely to succeed on appeal. She points out that courts routinely determine a trial court's intent to treat a distributive award as additional support in the context of summary judgment motions. *See, e.g., Cummings v. Cummings*, 244 F.3d 1263 (11th Cir. 2001); *Young v. Butler (In re Butler)*, 308 B.R. 1 (Bankr. S.D.N.Y. 2004); *Kerzner v. Kerzner (In re Kerzner)*, 250 B.R. 487 (Bankr. S.D.N.Y. 2000); *Grasmann v. Grasmann (In re Grasmann)*, 156 B.R. 903 (Bankr. E.D.N.Y. 1992); *Zaera v. Raff  (In re Raff)*, 93 B.R. 41 (Bankr. S.D.N.Y. 1988). On the merits, the Plaintiff argues that the state courts' intent was to "intertwine the maintenance and distributive awards to ensure [her] future support" (Opposition ¶ 35), and therefore this Court's ruling that the distributive award is non-dischargeable under Section 523(a)(5) was entirely appropriate and supported by the record.

The Plaintiff also argues that she would be harmed by any further delay in enforcing her rights against the Defendant. She says that she earns about $47,000 per year which is almost exhausted by her $2,800 mortgage payment; she needs to use the proceeds from the sale of the former marital residence to meet expenses; and she owes her legal counsel over $325,000 stemming from the matrimonial and bankruptcy litigation.  (Opposition ¶¶ 37, 38). The distributive and maintenance awarded granted to her by the state courts, she argues, would allow her to be self-sufficient, but this has not happened because the Debtor has not paid her.

Finally, the Plaintiff argues that the public interest factor weighs against a stay in this case. The Defendant is a wealthy plastic surgeon who has abused the system and any further delay would "exacerbate[] the public's negative perception of a court system and its abuse by wealthy individuals like the Debtor." (Opposition ¶ 40).

## *DISCUSSION*

Rule 8005 of the Federal Rules of Bankruptcy Procedure gives this Court authority to grant stay relief pending appeal. Under Rule 8005, a party seeking a stay pending appeal must ordinarily apply to the bankruptcy court in the first instance. *Green Point Bank v. Treston*, 188 B.R. 9 (S.D.N.Y. 1995). The party may apply to the District Court, as long as the motion shows why the relief sought was not obtained from the bankruptcy court. *Id.*

The standard applied to a motion for a stay pending appeal is derived from, although not identical to, the test generally used to resolve requests for injunctive relief. *In re St. Johnsbury Trucking Co.,* 185 B.R. 687, 688 (S.D.N.Y. 1995). In determining whether to grant a stay of an order pending appeal, the Court must consider four factors:

(1)    whether the movant has shown a likelihood of success on appeal;
(2)    whether the movant will suffer irreparable injury absent the stay;
(3)     whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4)    whether harm to public interest, if implicated, will be caused by the stay.

*Id.* at 688; *In re Island Helicopters, Inc.*, 1997 WL 466973 at *2 (E.D.N.Y. Aug. 13, 1997); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth the factors considered on motion for stay pending appeal from district court to court of appeals). "Each factor need not be given equal

weight but rather should be used as guides." *In re Island Helicopters, Inc.*, 1997 WL 466973 at *2 (E.D.N.Y. Aug. 13, 1997). The Debtor's failure to satisfy one prong of the standard for granting a stay pending appeal "dooms his motion." *Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995).

For all of the reasons stated in this Court's April 23rd decision from the bench, the Court now finds that the Defendant has not shown a likelihood of success on appeal. The Court stands upon its prior findings and conclusions of law and does not believe that the Defendant has presented any new argument or legal authority which would cause this Court to reach a different conclusion today.[2] The facts necessary to examine the intent of the state courts in the matrimonial matter were fully developed in lengthy and comprehensive written opinions following a 23-day matrimonial trial and appeal. These facts were reiterated and relied upon by this Court in its April 23rd decision.

---

[2] The only case cited by the Defendant which supports his contention that the Section 523(a)(5) issue was not appropriate for summary judgment determination is *Sculler v. Rosen (In re Rosen)*, 169 B.R. 512 (Bankr. E.D.N.Y. 1994). In *Rosen*, however, the factual background and the state court record were not nearly as well-developed as in the case at hand. The *Rosen* decision does not recite any facts, for example, about the length of the marriage; the relative earning power of the parties; whether there was any issue of the marriage; the ability of the spouse to obtain gainful employment; whether the obligation terminates upon the death or remarriage of the obligee; or whether the obligation balances the income of the parties. *See Grasmann*, 156 B.R. at 908. Indeed, part of the written decision in *Rosen* dealt with the parties' discovery disputes and a motion for sanctions for failure to attend scheduled depositions. Presumably, discovery would have developed the record in that case and aided the Bankruptcy Court in gleaning the intent of the parties with respect to certain marital distributions.

As to the second prong need to obtain stay pending appeal, the Court further finds that the Defendant has not shown that he will not suffer irreparable injury if a stay was not granted.

> Irreparable injury means "the kind of injury for which money cannot compensate," *Sperry Int'l Trade, Inc. v. Government of Israel*, 670 F.2d 8, 12 (2d Cir. 1982), and therefore "[a] monetary loss will not suffice unless the movant provides evidence of damage-that cannot be rectified by financial compensation. Bankruptcy is such a case." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). "To establish irreparable harm , [parties] must demonstrate 'an injury that is neither remote nor speculative, but actual and imminent.'" *Id*. at 976 (quoting *Consolidated Brands, Inc. v. Mondi*, 638 F. Supp. 152, 155 (E.D.N.Y. 1986)).

*EEOC v. Local 638*, 1995 WL 355589 at *2 (S.D.N.Y. June 7, 1995).  Here, the Defendant has not pointed to any specific harm that he might suffer were the stay to be granted.  To the extent that the Court is called upon to speculate, presumably the injury would be monetary and thus, in the event that the Defendant was ultimately successful on appeal, any injury that might be sustained by the Defendant could be fully remedied by money damages.  Therefore, any harm to the Defendant is not "irreparable harm" sufficient to sustain a request for a stay pending appeal.

Addressing the third prong of whether a stay should be granted pending appeal, this Court finds that the Plaintiff will suffer substantial injury if she is stayed from further pursuing her rights and remedies against the Defendant.  This matrimonial action was commenced over 14 years ago – dating back to 1992.  The trial was conducted over 10 years ago and an amended judgment of divorce, after an appellate decision, was entered five years ago.  The state court has found that the Defendant owes the Plaintiff a substantial amount of money.  This Court has found that that debt is not dischargeable in this bankruptcy proceeding because, in sum, it was intended by the state court

to provide for her continued support.  For these reasons, the Court believes that any further delay that prevents the Plaintiff from proceeding to collect on the debt is prejudicial to her.  For these same reasons, the Court believes that public policy supports the Plaintiff's right to immediately pursue enforcement against the Defendant.

## CONCLUSION

For all the foregoing reasons, the Defendant's motion for stay pending appeal is DENIED.  The Defendant is free to pursue a stay pending appeal from the District Court.

The Court will hold a pre-trial conference in this adversary proceeding on March 19, 2007 at 9:00 a.m., at which time the Court will determine an appropriate schedule to proceed in the disposition of the remaining causes of action.

The Court will enter a separate Order consistent with this Decision on this day.

Dated:          Central Islip, New York
                February 20, 2007

                                        _/s/ Melanie L. Cyganowski_
                                        Hon. Melanie L. Cyganowski, U.S.B.J.